ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **FABIANA GUIMARAES ESPINDOLA, JOSÉ L. LEBRÓN ROSA en representación de OBSERVADORA PRESS COMUNITARIO**<br><br>Recurridos<br><br>v.<br><br>**AZURE DEVELOPMENT, INC. ENRIQUE BLANES PALMER, OFICINA DE GERENCIA DE PERMISOS y OTROS**<br><br>Peticionarios | KLCE202500565 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Fajardo**<br><br>Civil Núm.: **FA2025CV00220**<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de junio de 2025.

Comparece ante nos Azure Develpment, Inc. (Azure o parte peticionaria) mediante una *Petición de Certiorari* en la que solicita que revoquemos tres (3) resoluciones interlocutorias emitidas por el Tribunal de Primera Instancia, Sala Superior de Fajardo, (TPI) el 25 de abril de 2025.[1] Por medio de dichos dictámenes, el foro primario denegó las solicitudes de desestimación radicadas por Azure, el ingeniero Enrique Blanes Palmer, y la Junta de Planificación de Puerto Rico (JP), respectivamente; y consecuentemente, les ordenó a contestar la demanda de epígrafe.

El 16 de junio de 2025, la señora Fabiana Guimaraes Espíndola (Sra. Guimaraes Espíndola o recurrida) radicó un *Alegato de la Recurrida Espíndola.*

---

[1] Apéndice del recurso de *certiorari*, págs. 257; 258; 259. Notificadas y archivadas en autos el 25 de abril de 2025.

Por lo fundamentos que pormenorizamos a continuación, y en el ejercicio de nuestra discreción, denegamos la expedición del recurso de *certiorari*.

**I.**

El caso de marras tiene su génesis el 7 de marzo de 2025 cuando la Sra. Guimaraes Espíndola presentó una demanda intitulada *Petición* contra Azure, el ingeniero Blanes Palmer, la Oficina de Gerencia de Permisos (OGPe), la JP y el Municipio de Luquillo en concepto de *injunction*, al amparo de la *"Ley de Permisos para la Reforma del Proceso de Permisos"*, Ley Núm. 161 del 1 de diciembre de 2009 (Ley Núm. 161-2009), según enmendada, 23 LPRA secs. 9011 nota *et seq.*[2] En síntesis, la Sra. Guimaraes Espíndola argumentó que la solicitud de permiso 2016-119818-PCOC-311456 gestionada por el ingeniero Blanes Palmer y/o Azure exponía numerosas irregularidades. Planteó que la información presentada a las agencias para obtener dicho permiso contenía datos incorrectos o falsos lo que ameritaba su revocación. Además, expuso que dichas irregularidades consistieron en "la cabida aprobada, [la] omisión de propiedades afectadas, [las] falsedades en la vigencia de un deslinde certificado, [los] endosos municipales y ambientales, y [los] datos erróneos sobre clasificación de suelo, infraestructura y costos".[3]

El 24 de marzo de 2025, la JP radicó un escrito intitulado *Cumplimiento de Orden y Solicitud de Desestimación*, al amparo de las Reglas 10.2 y 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 y 6.1.[4] Sostuvo que las alegaciones de la demanda eran insuficientes para justificar que se continuara un procedimiento judicial en su contra.

---

[2] *Íd.*, págs. 1-59.
[3] *Íd.*, pág. 1.
[4] *Íd.*, págs. 62-71.

Ese mismo día, el ingeniero Blanes Palmer presentó una *Solicitud de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil* donde indicó que el permiso impugnado no era uno de construcción, sino de urbanización, por lo que alegadamente no estaba sujeto a la *Ley de Certificación de Planos o Proyectos*, Ley Núm. 135 del 15 de junio de 1967, según enmendada, 23 LPRA secs. 42a *et seq.*[5] Además, expuso que el Artículo 14.1 de la Ley Núm. 161-2009, 23 LPRA sec. 9024, limitaba expresamente quiénes podían ser parte indispensable en un recurso de *injunction*. Alegó que, según dicha ley, él no era parte indispensable. Finalmente, suplicó la desestimación de la reclamación presentada en su contra por dejar de exponer una reclamación que justificara un remedio, conforme la Regla 10.2 de Procedimiento Civil, *supra.*

El mismo 24 de marzo de 2025, Azure radicó una *Solicitud de Desestimación por Falta de Legitimación.*[6] Indicó que no se había solicitado un permiso de construcción, sino de urbanización fase I; es decir, un permiso para el movimiento de tierra. Arguyó también que la consulta había advenido final y firme por lo que no podía revisarse, y que la Sra. Guimaraes Espíndola carecía de legitimación activa para presentar la demanda de marras.

Luego de múltiples trámites procesales, el ingeniero Blanes Palmer, Azure y la JP reiteraron sus peticiones de desestimación.[7]

Por su parte, la Sra. Guimaraes Espíndola presentó oposiciones a dichas solicitudes.[8]

Posteriormente, el 25 de abril de 2025, el TPI emitió (3) tres resoluciones denegando las solicitudes de desestimación presentadas por la JP, Azure y el ingeniero Blanes Palmer,

---

[5] *Íd.*, págs. 72-77.
[6] *Íd.*, págs. 78-95.
[7] *Íd.*, págs. 127-134; 135-144; 145-183.
[8] *Íd.*, págs. 186-209; 210-211; 212-230.

respectivamente; y consecuentemente, les ordenó a contestar la demanda.

Inconforme, el 27 de mayo de 2025, Azure presentó un recurso de *certiorari* ante nos y planteó los siguientes errores:

**PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN POR FALTA DE LEGITIMACIÓN ACTIVA PRESENTADA POR AZURE, ELLO A PESAR DE QUE AUN TOMANDO POR CIERTAS TODAS LAS ALEGACIONES PRESENTADAS POR LA PARTE RECURRIDA, ESTA NO CUMPLE CON LOS REQUISITOS DE LEGITIMACIÓN.**

**SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN PRESENTADA POR EL ING. ENRIQUE BLANES PALMER, TODA VEZ QUE NO SE HA EMITIDO EN ESTE CASO UN PERMISO DE CONSTRUCCIÓN QUE LO OBLIGUE A FIGURAR COMO PARTE INDISPENSABLE CONFORME A LA LEY NÚM. 135 DE 15 DE JUNIO DE 1967. EL PERMISO IMPUGNADO ES UNO DE URBANIZACIÓN PARA MOVIMIENTO DE TIERRA, RESPECTO DEL CUAL EL INGENIERO NO ESTÁ OBLIGADO A EMITIR CERTIFICACIÓN ALGUNA EN VIRTUD DE LA LEY DE CERTIFICACIONES DE PUERTO RICO. POR TANTO, EL ING. BLANES PALMER CARECE DE LEGITIMACIÓN PASIVA EN EL PRESENTE PLEITO.**

**TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN PRESENTADA POR LA JP, YA QUE ESTA NO FUE LA ENTIDAD ENCARGADA DE OTORGAR EL PERMISO OBJETO DE LA SOLICITUD DE REVOCACIÓN Y QUE, EN SU LUGAR, ES LA OFICINA DE GERENCIA DE PERMISOS (OGPE) LA AUTORIDAD COMPETENTE.**

**CUARTO SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL ORDENAR A LAS PARTES CONTESTAR LA DEMANDA, ELLO A PESAR DE QUE, TAL CUAL HA RESUELTO ESTE HONORABLE FORO, NO EXISTE UNA OBLIGACIÓN DE CONTESTAR LA DEMANDA EN EL PROCESO DE INJUNCTION.**

**QUINTO SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL RESOLVER MÚLTIPLES CONTROVERSIAS SUSTANTIVAS EN EL CASO DE EPÍGRAFE SIN CONCEDER TÉRMINO ALGUNO A LAS PARTES PARA REPLICAR LOS ESCRITOS PRESENTADOS POR LA PARTE RECURRIDA, EN VIOLACIÓN AL DEBIDO PROCESO DE LEY. ESTE ERROR PROCESAL PRIVÓ A LAS PARTES DE SU DERECHO FUNDAMENTAL A SER OÍDAS Y A TENER UNA OPORTUNIDAD JUSTA RAZONABLE PARA PRESENTAR SUS ARGUMENTOS LO CUAL MENOSCABÓ GRAVEMENTE LAS**

**GARANTÍAS MÍNIMAS DEL PROCESO ADJUDICATIVO.**

Por su parte, la Sra. Guimaraes Espíndola radicó un *Alegato de la Recurrida Espíndola* el 16 de junio de 2025.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. **La expedición del auto descansa en la sana discreción del Tribunal.** *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, delimita los asuntos aptos para revisión interlocutoria ante el Tribunal de Apelaciones mediante el recurso de *certiorari*. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019); *IG Builders v. BBVAPR*, 185 DPR 307, 336-337 (2012). La citada regla establece que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.**

Regla 52.1 de Procedimiento Civil, *supra* (Énfasis suplido); véase, además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra,* pág. 487.

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR, supra*, pág. 338. A pesar de lo anterior, la discreción no debe hacerse en abstracción del resto del derecho, sino que debe ejercerse de forma razonable con el propósito de llegar a una opinión justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Precisamente, en el caso particular del Tribunal de Apelaciones, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, instituye los criterios que se deben tomar en consideración para poder ejercer sabiamente la faculta discrecional de expedir un auto de *certiorari*. Estos factores son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. **Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado.** *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 96-97.

### III.

Luego de un análisis objetivo y cuidadoso del expediente original del TPI y de los escritos apelativos, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*. El expediente del caso de epígrafe no evidencia falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos. Por ende, ante la ausencia de razón alguna que mueva nuestro criterio discrecional de expedir el auto de *certiorari*, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, denegamos el mismo

### IV.

Por las razones discutidas anteriormente, denegamos la expedición del recuso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones